In The

# United States Court of Appeals

### For The Federal Circuit

## MORTON LIFTIN, the Estate of,
## JOHN LIFTIN, Executor,

*Plaintiffs – Appellants*,

v.

## UNITED STATES,

*Defendant – Appellee*.

## APPEAL FROM THE UNITED STATES COURT
## OF FEDERAL CLAIMS
## IN NO. 10-CV-0589, JUDGE GEORGE W. MILLER.

## SUPPLEMENTAL BRIEF OF APPELLANTS
## ON OVERPAYMENT OF ESTATE TAXES

Jonathan E. Strouse
HARRISON & HELD LLP
333 W Wacker Drive, Suite 1700
Chicago, Illinois 60606
(312) 332-1111

*Counsel for Appellants*

THE LEX GROUP<sup>DC</sup> ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C. 20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................... ii

ARGUMENT ...................................................................................................1

    A.    Since the Estate paid its federal estate taxes before the date
         prescribed for payment, its late-filing penalty is reduced to zero.........1

    B.    A late-filing penalty is only assessed when the taxpayer lacks
         reasonable cause on the date the taxes are due, not at any
         subsequent date.................................................................................4

CONCLUSION .................................................................................................5

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Butler v. Soc. Sec. Admin.*,
    331 F.3d 1368 (Fed. Cir. 2003) ........................................................................2

*Estate of Ridenour v. U.S.*,
    468 F. Supp. 2d 941 (S. D. Ohio 2006) ...........................................................3

*Splane v. W.*,
    216 F.3d 1058 (Fed. Cir. 2000) ........................................................................2

*Western Co. of North America v. U.S.*,
    323 F.3d 1024 (Fed. Cir. 2003) ........................................................................3

**STATUTES**

26 U.S.C. § 6601 ...............................................................................................2, 3

26 U.S.C. § 6601(b) .............................................................................................2

26 U.S.C. § 6601(b)(1)......................................................................................2, 3

26 U.S.C. § 6651 ..................................................................................................1

26 U.S.C. § 6651(a)(1).......................................................................................1, 4

26 U.S.C. § 6651(b)(1).......................................................................................1, 3

**OTHER AUTHORITY**

Revenue Ruling 81-237, 1981-2 C.B. 245............................................................3

# ARGUMENT

The Estate was required to pay its federal estate taxes and file its federal estate tax return by the extended statutory due date of June 2, 2004. (JA00073). Approximately five months before that extended due date, the Estate made an anticipatory payment of $877,300, the amount of federal estate taxes that it estimated could be due. (*Id.*) That payment exceeded the amount of federal estate taxes ultimately due by approximately $198,727. (*Id.*) Since the Estate filed its federal estate tax return after the extended statutory deadline of June 2, 2004, the IRS assessed a penalty of $169,643.06 pursuant to Code § 6651(a)(1), representing exactly 25% of the total federal estate taxes due. (JA00217.) During oral argument, the Court questioned whether the IRS properly asserted a penalty at all because such penalties are reduced by the amount paid before the taxes are due. *See* 26 U.S.C. § 6651(b)(1). Since the taxes were paid in full before the date prescribed for payment, the penalty should be reduced to zero. *Id.* Accordingly, the IRS improperly asserted a late-filing penalty in this matter.

**A.  Since the Estate paid its federal estate taxes before the date prescribed for payment, its late-filing penalty is reduced to zero.**

The penalty imposed on the Estate's federal estate taxes should be reduced by the amount of taxes paid on or before the date "prescribed for payment of tax." 26 U.S.C. § 6651(b)(1). While Code § 6651 does not define the term "date prescribed for payment of tax," other Code provisions reveal that the term includes

1

any extension of time for payment. *See Butler v. Soc. Sec. Admin.*, 331 F.3d 1368, 1372 (Fed. Cir. 2003) (construing identical words in different sections of a complex statutory scheme as having the same meaning).

In a related Code section, 26 U.S.C. § 6601(b) states the following:

**(b) Last date prescribed for payment**
For purposes of this section, the last date prescribed for payment of the tax shall be determined under chapter 62 with the application of the following rules:

**(1) Extensions of time disregarded**
The last date prescribed for payment shall be determined without regard to any extension of time for payment or any installment agreement entered into under section 6159.

26 U.S.C. § 6601.

When addressing the "date prescribed for payment of tax," Code § 6601(b)(1) adds that the interest on any underpayment or nonpayment of taxes will be determined "without regard to an extension of time for payment." *Id.* If the "date prescribed for payment of tax" was already determined without regard to any extension of time for payment, then Code § 6601(b)(1) would be superfluous. *Splane v. W.*, 216 F.3d 1058, 1069 (Fed. Cir. 2000) (courts will not construe a statute in a way that would render any portions meaningless or superfluous). Thus, in order to give meaning to all of Code § 6601, the definition of "date prescribed for payment of tax" must, by definition, include any extensions granted to the taxpayer.

The only case law addressing this issue failed to fully analyze Code § 6601 and held that the "date prescribed for payment" did not include any extensions, improperly rendering Code § 6601(b)(1) superfluous. *See Estate of Ridenour v. U.S.*, 468 F. Supp. 2d 941, 947 (S. D. Ohio 2006). In support of this holding, the *Ridenour* court discussed Revenue Ruling 81-237, 1981-2 C.B. 245, which also failed to analyze Code § 6601 and, as such, suffers from the same analytical shortcoming. As a district court case, *Ridenour* has no precedential value in this matter. Furthermore, Rev. Rul. 81-237 merely represents the position of the United States and does not bind this Court, although a revenue ruling can provide some limited guidance. *Western Co. of North America v. United States*, 323 F.3d 1024, 1032 (Fed. Cir. 2003).

In this case, the IRS extended the Estate's time to pay its taxes to June 2, 2004. (JA00073; JA00483; JA00493-495.) On January 16, 2004, five months before the date prescribed for payment, the Estate made a payment of $877,300, which substantially exceeded the amount of federal estate taxes ultimately due. (JA00073). Since the Estate's taxes were paid in full before the "date prescribed for payment," the Estate's corresponding late-filing penalty should be reduced to zero. *See* 26 U.S.C. § 6651(b)(1).

**B.    A late-filing penalty is only assessed when the taxpayer lacks reasonable cause on the date the taxes are due, not at any subsequent date.**

The Court of Federal Claims correctly held that the Estate's reliance on Mr. Dadakis's substantive advice (*i.e.* that the Estate could delay filing until Mrs. Liftin became a naturalized United States citizen) constituted reasonable cause not to file a return by June 2, 2004, the date due (including the approved extension of time to file). (JA00008-9.)  Since the estate tax return was filed after Mrs. Liftin became naturalized, there has been much argument about when the Estate should have filed the estate tax return so as to avoid triggering a late-filing penalty.  This issue is irrelevant.  This is because, pursuant to 26 U.S.C. § 6651(a)(1), the IRS can only assess a penalty if the taxpayer lacks reasonable cause *on the date prescribed for filing*.  26 U.S.C. § 6651(a)(1).

The facts of this case are highly unusual because, pursuant to the ruling of the Court of Federal Claims, the Estate had reasonable cause for a defined period of time: from the original filing deadline until Mrs. Liftin became a naturalized United States citizen. (JA00008-9.)  Code § 6651(a)(1), however, does not allow a late-filing penalty if the taxpayer has failed to file its tax return by the time that a taxpayer's period of reasonable cause comes to an end.  Instead, Code § 6651(a)(1) asks only one question: did the taxpayer have reasonable cause <u>on the date the tax return was due</u>?  If the answer is yes, then no late-filing penalty can be assessed. As noted previously, the Estate had reasonable cause not to file its federal estate

tax return by the June 2, 2004 due date. (JA00008-9.) Accordingly, the IRS should not have assessed a late-filing penalty.

## CONCLUSION

For these reasons, and the reasons stated in the Estate's previously filed briefs, this Court should reverse the Court of Federal Claims's April 3, 2013 Order and remand this case with instructions to enter summary judgment in favor of the Estate.

Dated: January 30, 2014           Respectfully submitted,

/s/ Jonathan E. Strouse

JONATHAN E. STROUSE
Harrison & Held LLP
333 W Wacker Dr., Suite 1700
Chicago, Illinois 60606
(312) 332-1111

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 30th day of January, 2014, I caused this Supplemental Brief of Appellants to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

John A. Nolet
Kenneth L. Greene
Department of Justice
950 Pennsylvania Avenue, N.W.
Ben Franklin Station
Post Office Box 502
Washington, DC  20530
(202) 514-2935

*Counsel for Appellee*

Upon acceptance by the Clerk of the Court of the electronically filed document, the required number of copies of the Supplemental Brief of Appellants will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

/s/ Jonathan E. Strouse
*Counsel for Appellants*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

 [ X ] this brief contains [*1,052*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

 [     ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

 [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

 [     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>January 30, 2014</u>   <u>/s/ Jonathan E. Strouse   </u>
             *Counsel for Appellants*